UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>OLUWASEGUN AYANBADEJO,<br><br>Defendant. | 14-CR-585<br><br>Statement of Reasons for Sentencing<br>Pursuant to 18 U.S.C. § 3553(c)(2) |

**JACK B. WEINSTEIN, Senior United States District Judge:**

## Table of Contents

I. Introduction ..................................................................................................................1
II. Offense Level and Category ........................................................................................2
III. Law ..............................................................................................................................2
IV. 18 U.S.C. § 3553(a) Considerations ............................................................................3
V. Sentence .......................................................................................................................4
VI. Conclusion ...................................................................................................................4

### I. Introduction

On November 14, 2014, Oluwasegun Ayanbadejo pled guilty to one count of visa fraud. 18 U.S.C. § 1546(a).

On December 4, 2014, Ayanbadejo was sentenced to time served and a supervised release term of three years. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with section 3553(a) of Title 18. *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

1

## II. Offense Level and Category

The total offense level is 6. The criminal history category is I, yielding a guidelines imprisonment range of 0-6 months. U.S.S.G. Ch. 5 Pt. A.

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of Title 18, the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of section 3553(c)(2) of Title 18, *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007)). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in

incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553 (a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV.     18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant" in sentencing him. 18 U.S.C. § 3553(a)(1). Ayanbadejo is from Nigeria. He obtained an associate's degree from a polytechnic school in Nigeria. The father of a three-year-old daughter, he is thirty-six years old. He supports himself and his family by buying and selling used vehicles.

Anxious to visit the United States, Ayanbadejo contacted a family friend to assist him with obtaining a visa. Although he expected the individual to prepare a legitimate visa application, it was only when Ayanbadejo met the person prior to the interview at the United States Consulate that Ayanbadejo learned that false information had been used in the application. Aware of the fraudulent information submitted, Ayanbadejo still sought to obtain, and did in fact obtain, a United States visa.

On his first trip to the United States on October 27, 2014, Ayanbadejo was stopped at the John F. Kennedy airport. During questioning at secondary inspection, Ayanbadejo admitted that he had included false statements in his visa application. He was immediately arrested for the offense.

## V. Sentence

Under section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. The prospect of deportation was considered in Ayanbadejo's sentencing. *See United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *13 (E.D.N.Y. Sept. 24, 2014).

In light of Ayanbadejo's cooperation and the fact that he is currently in the custody of Immigration and Customs Enforcement, on December 4, 2014, Ayanbadejo was sentenced to time served. A $100 special assessment was imposed. 18 U.S.C. § 3013(a)(2)(A). No fine was levied and no restitution was ordered because Ayanbadejo does not possess substantial assets in the United States or in Nigeria and is unlikely to possess assets in the future. He was sentenced to a supervised release term of three years. U.S.S.G. § 5D1.1(a).

## VI. Conclusion

General and specific deterrence are achieved by the sentence imposed, and all elements of the Sentencing Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of Title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: December 9, 2014
       Brooklyn, New York